We do not retain jurisdiction.

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. VIVIAN A. CRAIG, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 23, 1977—Decided June 16, 1977.

514

Before Judges FRITZ, ARD and PRESSLER.

*Mr. Henry E. Rzemieniewski* argued the cause for appellant (*Messrs. Chase, Rzemieniewski & Gorney,* attorneys).

*Mr. Peter H. Brennan,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Solomon Rosengarten,* Deputy Attorney General, of counsel and on the brief).

PER CURIAM. While we have not been furnished with a copy of the complaint (*R.* 2:6–1(a)(2)), the parties agree in their briefs that appellant was charged with speeding, and more specifically, traveling 40 miles an hour in a 25-mile-an-hour zone. (*N. J. S. A.* 39:4–98.) Found guilty on trial in the municipal court, she appealed to the County Court

where she was again convicted on trial *de novo* on the record. She now appeals to us from the County Court judgment.

The essence of the first point urged is that the State failed to prove the speed limit at the place where the speeding took place. Appellant argues that in establishing the speed limit the State should be required to introduce evidence relating to the character and type of the zone. We are satisfied that where, as here, the police officer testifies under oath to the speed limit, enough has been produced that a judgment against defendant cannot be said to be fatally defective if that testimony remains uncontroverted and is believed. We are persuaded that sworn testimony from a police officer relating the speed limit in a zone in the municipality in which he is employed carries with it the presumption, rebuttable though it may be, that that speed limit was legally ordained. *Cf. State v. Cooper,* 129 *N. J. Super.* 229 (App. Div. 1974), certif. den. 66 *N. J.* 329 (1974).

Appellant relies heavily on *State v. Tropea,* 142 *N. J. Super.* 288 (App. Div. 1976), petition and cross-petition for certif. granted, 71 *N. J.* 502 (1976), 73 *N. J.* 50 (1977). In that case, "[n]o evidence of the applicable speed limit was offered." (At 290; emphasis supplied.) There we refused to substitute reference by the trial judge to the charge for evidence. That is not the situation here where there was some hard evidence as to the speed limit.

Appellant's other ground, that "the proof of calibration presented in the State's case was insufficient, and was allowed to be presented with improper testimony," lacks merit. *Cf. State v. Cardone,* 146 *N. J. Super.* 23 (App. Div. 1976).

Affirmed.